UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN JONAS,

    Plaintiff,

v.

WEBER & OLCESE, P.L.C. and
MAIN STREET ACQUISITION CORP.,

    Defendants.

Case No. 1:17-cv-315

Hon.

Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 706-5618
twestbrook@westbrook-law.net

## COMPLAINT AND JURY DEMAND

Plaintiff Brian Jonas, by and through his counsel, Westbrook Law PLLC, for his Complaint against Defendants Weber & Olcese, P.L.C. and Main Street Acquisition Corp., states as follows:

### INTRODUCTION

1. Plaintiff seeks redress for the illegal practices of Defendants, in which they unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Regulation of Collection Practices Act. ("MRCPA") M.C.L. § 445.251 *et. seq.*

2.  The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

3.  This action resulted from Defendants' reckless and/or knowing use of unlawful debt collection practices for the purpose of increasing their profits, to the competitive disadvantage of those debt collectors who conduct business in accordance with the law by refraining from using those practices.

4.  Defendants attempted to collect money from Plaintiff that they were not entitled to collect, using an unfair, unconscionable, and deceptive collection method. Specifically, after having agreed to accept installment payment on a debt purportedly owed by Plaintiff, and even though there was no dispute that Plaintiff complied with the installment payment plan, Defendants proceeded to garnish Plaintiff's bank accounts, wrongfully causing Plaintiff's bank to withhold from him funds belonging to him and to charge him fees in connection with the garnishment. In the process, Defendants attempted to collect unlawful amounts from Plaintiff, misrepresented Plaintiff's legal rights, and wrongfully and proximately caused Plaintiff to incur fees and charges, and to be unable to pay his other debts as they became due.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

6.  Venue is appropriate in this Court because the conduct complained of took place within this District.

## THE PARTIES

7. Plaintiff Brian Jonas is an individual residing in Holland, Michigan. Mr. Jonas is a "consumer" as the term is defined and used in the FDCPA and the MRCPA.

8. Defendant Weber & Olcese P.LC. ("Weber") is a Michigan professional limited liability company with a principal place of business located at 3250 West Big Beaver Road, Suite 124, Troy, Michigan 48084. Weber's registered agent for service of process is Michael J. Olcese.

9. Weber is a law firm primarily engaged in the collection of third-party debt incurred for personal, household, or family purposes. Weber uses the interstate mails and wires in the collection of consumer debts. Weber is a "debt collector" as that term is defined and used in the FDCPA.

10. Weber is a "regulated person" as that term is defined and used in the MRCPA.

11. Defendant Main Street Acquisition Corp. ("MSAC") is a Nevada corporation with a principal place of business located at 2877 Paradise Road, Unit 303, Las Vegas, Nevada 89109. MSAC's registered agent for service of process is the Corporation Trust Company of Nevada, 701 South Carson Street, Suite 200, Carson City, Nevada 89701.

12. MSAC's primary business is the purchase and collection of defaulted debts. MSAC regularly collects debts that are incurred primarily for personal, family, or household purposes, and are owed to third parties. MSAC uses the interstate mails and wires in the collection of consumer debts. MSAC is a "debt collector" as that term is defined and used in the FDCPA.

13. MSAC attempts to collect, and does collect, consumer debts that have been assigned to MSAC subsequent to the consumer's default. MSAC is a "regulated person" as that term is defined and used in the MRCPA.

## FACTS

14. In 2007, Plaintiff incurred personal debt (the "Debt") when he co-signed with his wife, Kimberly Jonas, for an automobile loan financed by Santander Auto Loan.

15. Plaintiff subsequently became unable to make required payments on the Debt, which became delinquent.

16. Santander Auto Loan repossessed the vehicle and, upon information and belief, sold it. After applying the sale price of the vehicle to the Debt, a deficiency purportedly remained owing to Santander Auto Loan.

17. MSAC purchased an assignment of the Debt from Santander Auto Loan, along with hundreds or thousands of other accounts, for a fraction of the face value of the Debt.

18. MSAC subsequently attempted to collect the Debt from Plaintiff.

19. In 2014, MSAC engaged Weber to collect the Debt from Plaintiff.

20. Weber filed a collection lawsuit, captioned *Main Street Acquisition Corp. v. Jonas*, Case No. HL1434267GC (the "Lawsuit"), against Plaintiff in the 58th District Court for the State of Michigan, seeking to recover the Debt in an amount exceeding $8,000 (Ex. 1, Summons and Complaint.)

21. Plaintiff agreed that he bore responsibility for at least some portion of the Debt. As a compromise, Plaintiff stipulated to entry of a consent judgment that specified payments of $100 per month from Plaintiff's checking account at Macatawa Bank ("Macatawa Account").

22. Judgment was entered in the Lawsuit on October 20, 2014 ("Judgment"). (Ex. 2, Judgment.)

23. Under the terms of the agreement with Weber and MSAC, and as reflected in the Judgment, Weber was authorized and required to deposit pre-authorized checks drawn on the

Macatawa Account monthly. If Plaintiff did not default on this payment arrangement; i.e., if the Macatawa Account remained open and contained sufficient funds to complete each payment, Weber and MSAC had agreed to, and were required to, refrain from garnishing Plaintiff's bank accounts.

24. Plaintiff complied with his obligation to ensure that the Macatawa Account remained open and $100 was available for withdrawal from the Macatawa Account each month.

25. For several months, Weber and MSAC withdrew payments from the Macatawa Account in accordance with the consent judgment. Each of those payments was successfully processed. (*See* Ex. 3, Pre-Authorized Check.)

26. Plaintiff did not default on the payment plan between Plaintiff and Defendants, and neither Weber nor MSAC ever communicated to Plaintiff that Plaintiff had defaulted on the payment plan.

27. Although sufficient funds remained in the Macatawa Account for another monthly installment payment of $100 as of October 15, 2016, and the Macatawa Account remained open and in good standing, Weber and MSAC failed to deposit a pre-authorized check from the Macatawa Account to complete the October 2016 payment under the Judgment.

28. Plaintiff did nothing to prevent Weber or MSAC from withdrawing the $100 payment for October of 2016 from the Macatawa Account, and expected that Weber and MSAC would do so as the parties had agreed, as reflected in the Judgment, and as they had done consistently for nearly two years.

29. Without prior notice to Plaintiff, on October 27, 2016, Weber and MSAC submitted to the 58th District Court a Request and Writ for Garnishment to Macatawa Bank ("Macatawa Garnishment"). (Ex. 4, Macatawa Garnishment.)

5

30. The 58th District Court issued the Macatawa Garnishment, which was then served on Macatawa Bank and Plaintiff. (*Id.*)

31. The Macatawa Garnishment falsely stated that Weber and MSAC were legally entitled to collect amounts up to $6,984.94 from Plaintiff through the Macatawa Garnishment. (*Id.*)

32. The submission and service of the Macatawa Garnishment directly contradicted Weber and MSAC's representation that it would accept a $100 monthly installment payment on the Debt from Plaintiff's Macatawa Account, and that no bank garnishments would be issued unless Plaintiff defaulted.

33. The Macatawa Garnishment was not successful.

34. On November 3, 2016, Weber and MSAC issued a subpoena to Fifth Third Bank ("Subpoena"), the purpose of which was to discover details of any accounts Plaintiff had with Fifth Third Bank, in order to collect the Debt through one or more garnishments. (Ex. 5, Subpoena.)

35. Because a valid payment plan was in place and Plaintiff had not defaulted on that payment plan, Weber and MSAC had no legitimate basis for issuing a subpoena the only purpose of which was to collect information needed to garnish a bank account belonging to Plaintiff.

36. Upon information and belief, in response to the Subpoena, Fifth Third Bank provided sufficient information regarding Plaintiff's Fifth Third Bank account (the "Fifth Third Account") to enable Weber and MSAC to fill out a Request and Writ for Garnishment to Fifth Third Bank.

37. Again without prior notice to Plaintiff, on January 26, 2017, Weber and MSAC submitted a Request and Writ for Garnishment to Fifth Third Bank ("Fifth Third Garnishment") to the 58th District Court. (Ex. 6, Fifth Third Garnishment.)

38. The 58th District Court issued the Fifth Third Garnishment, which was then served on Fifth Third Bank and Plaintiff. (*Id.*)

39. The submission of the Fifth Third Garnishment directly contradicted Weber and MSAC's representation that it would accept a $100 monthly installment payment on the Debt from Plaintiff's Macatawa Account, and that no bank garnishments would be issued unless Plaintiff defaulted. (*Id.*)

40. Plaintiff's Fifth Third Account contained $601.63 at the time Fifth Third Bank received the Fifth Third Garnishment.

41. In compliance with the Fifth Third Garnishment issued by Weber and MSAC, Fifth Third Bank withheld $521.63 belonging to Plaintiff. At the same time, Fifth Third charged an $80 garnishment fee to Plaintiff. (Ex. 7, Fifth Third Letter.)

42. Plaintiff made Weber and MSAC aware that the Fifth Third Garnishment was improper due to the installment payment order of October 20, 2014, and filed an objection to the Fifth Third Garnishment in the 58th District Court for the State of Michigan.

43. The 58th District Court (Hon. Bradley Knoll) sustained Plaintiff's objection to the Fifth Third Garnishment on March 13, 2017.

44. Neither Weber nor MSAC was ever entitled to garnish Plaintiff's Fifth Third Account.

45. None of the $601.63 that was wrongfully withheld from Plaintiff's Fifth Third Account as a result of the Fifth Third Garnishment has been restored to Plaintiff as of the date of this Complaint.

46. Weber and MSAC deliberately ceased withdrawing installment payments from the Macatawa Account in an effort to force Plaintiff to repay the Debt more quickly through bank account garnishments.

47. The Fifth Third Garnishment caused Plaintiff to be unable to pay his other bills, including his house payment and other payment arrangements with creditors, as they became due.

48. Weber and MSAC's deceptive, misleading, unfair, and unconscionable debt collection practices caused Plaintiff's credit standing with his existing creditors to suffer; caused Plaintiff to incur bank fees, late charges, and other financial hardships due to the unavailability of the funds in the Fifth Third Account; and caused Plaintiff substantial mental stress and emotional distress.

### COUNT I – FDCPA, 15 U.S.C. §§ 1692e, 1692f, 1692k

49. By communicating to Plaintiff that they were entitled to collect on the Judgment through the Macatawa Garnishment, Defendants used a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of 15 U.S.C. § 1692e.

50. By communicating to Plaintiff that they were entitled to collect on the Judgment through the Fifth Third Garnishment, Defendants used a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of 15 U.S.C. § 1692e.

51. By communicating to Plaintiff that the Judgment debt was collectable via the Macatawa Garnishment, Defendants falsely represented "the character, amount, or legal status of any debt" in contravention of 15 U.S.C. § 1692e(2)(A).

52. By communicating to Plaintiff that the Judgment was collectable via the Fifth Third Garnishment, Defendants falsely represented "the character, amount, or legal status of any debt" in contravention of 15 U.S.C. § 1692e(2)(A).

53. By communicating to Macatawa Bank that the Judgment was collectable via the Macatawa Garnishment, Defendants communicated "credit information which is known or which should be known to be false" in contravention of 15 U.S.C. § 1692e(8).

54. By communicating to Fifth Third Bank that the Judgment was collectable via the Fifth Third Garnishment, Defendants communicated "credit information which is known or which should be known to be false" in contravention of 15 U.S.C. § 1692e(8).

55. Defendants' submission of the Fifth Third Garnishment constituted "collection of any amount … unless such amount is expressly authorized by the agreement creating the debt or permitted by law" in contravention of 15 U.S.C. § 1692f(1).

56. Defendants' violations of the FDCPA were willful.

WHEREFORE, Plaintiff requests that judgment be granted in his favor specifying the following relief:

    A. Actual and statutory damages pursuant to 15 U.S.C. § 1692k;

    B. Statutory costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

    C. Such further relief as the Court deems just and proper.

### COUNT II - MRCPA

57. Through the Macatawa Garnishment and the Fifth Third Garnishment, Defendants made inaccurate, misleading, untrue, deceptive statements to collect a debt, in contravention of M.C.L. § 445.252(e).

58. Through the Macatawa Garnishment and the Fifth Third Garnishment, Defendants misrepresented in a communication with a debtor the legal status of a legal action being taken and the legal rights of the creditor and debtor, in contravention of M.C.L. § 445.252(f).

59. Through the Macatawa Garnishment and the Fifth Third Garnishment, Defendants used a harassing, oppressive, or abusive method to collect a debt, in contravention of M.C.L. § 445.252(n).

60. Defendants' violations of the MRCPA were willful.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants providing the following relief:

A. Treble actual damages pursuant to M.C.L. § 445.257(2);

B. Statutory damages pursuant to M.C.L. § 445.257(2);

C. Costs and attorney fees pursuant to M.C.L. § 445.257(2); and

D. Any and all further legal and equitable relief as the Court deems just.

Respectfully submitted,

Dated: April 7, 2017

/s/Theodore J. Westbrook
Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiffs
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 706-5618
twestbrook@westbrook-law.net

## JURY DEMAND

Plaintiff Brian Jonas hereby demands a trial by jury as to all claims and issues so triable.

Respectfully submitted,

Dated: April 7, 2017

/s/Theodore J. Westbrook
Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiffs
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 706-5618
twestbrook@westbrook-law.net